UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **Branden Trapp**<br>    **Plaintiff,** | ) **JURY TRIAL DEMANDED**<br>)<br>Case:2:23-cv-11619<br>Judge: Steeh, George Caram<br>MJ: Stafford, Elizabeth A.<br>Filed: 07-07-2023 At 01:18 PM<br>CMP TRAPP V STARMARK FINANCIAL LLC,<br>ET AL (LG) |
| **v.** | |
| **Starmark Financial LLC,**<br>**InDebted USA, Inc**<br>          **Defendants** | )<br>)<br>)<br>) |

### COMPLAINT AND DEMAND FOR JURY TRIAL

#### I.     INTRODUCTION

1. This is an action for actual, statutory, and punitive damage brought by Plaintiff Branden Trapp an individual consumer, against Defendants, Starmark Financial LLC, and Indebted USA, Inc for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

#### II.    JURISDICTION AND VENUE

2. The jurisdiction of this court arises under 15 U.S.C § 1692k (d), 28 U.S.C § 1331, and 28 U.S.C § 1367 (a). The venue in this District is proper in that the Defendants transact business in the City of Detroit, County of Wayne, State of Michigan, and the conduct complained of occurred in the city of Detroit, County of Wayne, State of Michigan.

#### III. PARTIES

3. Plaintiff Branden Trapp (hereinafter "Mr. Trapp") is a natural person residing in the city of Detroit, County of Wayne, State of Michigan. Mr. Trapp is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C § 1692a (3).

1

4. Upon information and belief, Defendant Starmark Financial LLC is a Florida Limited Liability Company with its principal place of business located at 800 Fairway Drive Suite 190 Deerfield Beach, FL 33441. With the Florida Secretary of State Starmark Financial LLC have a filling FEI/EIN Number: 85-2219834 since July 17, 2020.

5. Upon information and belief, Defendant InDebted USA, Inc is a Tennessee foreign-for-profit corporation with its principal place of business located at 5301 Veterans Memorial Pkwy Suite 204 St. Peters, MO 63376. The Tennessee Secretary of State InDebted USA, Inc have a filling number: 000608316 since September 01, 2009.

6. Defendants used electronic mail (hereinafter "email") to collect a debt from consumers. Defendants regularly attempt to collect consumers' debts alleged to be due to another's without having prior direct consent from the consumer.

## IV.   FACTS OF THE COMPLAINT

7. Defendants Starmark Financial LLC, and Indebted USA, Inc., (hereinafter referred to as a "Debt Collector") as "debt collector" is defined by the FDCPA, 15 U.S.C § 1692a (6).

8. On 07/02/2022 Mr. Trapp received a collection notice invading his privacy at an inconvenient time from debt collector Indebted USA, Inc. alleging a past due balance for debt collector Starmark Financial LLC, regarding an alleged balance of $751.41.

9. On 07/02/2022 Mr. Trapp called debt collector Starmark Financial LLC and the agent was not informed of the law, therefore she didn't understand what Mr. Trapp was stating and disconnected the call out of frustration.

10. The Debt Collector failed to provide Mr. Trapp with proper disclosures that would allow him the right to dispute the alleged debt.

11. On 07/02/2022 in response to the debt collector email notice, and the agent of Starmark Financial LLC being unable to help over the phone, Mr. Trapp served upon the Defendants a Cease Notice by the Consumer Financial Protection Bureau (hereinafter "CFPB") complaint informing the Defendants I refuse to pay the alleged debt; send Mr. Trapp the name and address of the original creditor; and informing the defendants that the alleged debt was a violation of the FDCPA.

12. On 07/14/2022 Mr. Trapp received a response from Starmark Financial LLC, General Counsel "Kyle J. VonAllmen, Esq." that contained a copy of an itemized statement from another organization with the Plaintiff's personal and private information; The pro-offered documents fail to prove the existence of the alleged debt owed to the Defendants.

13. On or about 08/03/2022, Mr. Trapp served the debt collectors a cease notice, and a notice responding to the Kyle J. VonAllmen by Certified mail informing that the response was a default.



14. On 08/24/2022 Mr. Trapp served a CFPB complaint to the debt collector informing them that their conduct is willful and causing Mr. Trapp damage for violating the FDCPA.

15. On or about 09/01/2022, Mr. Trapp served another CFPB complaint with updated information, informing the CFPB and Debt Collector that the certified mail letters were returned due to being unable to forward mail to the address listed in the email notice.

16. On or about 09/02/2022 Defendant respond to Mr. Trapp defaulting and making false statements of hearsay assuming that the alleged debt is valid without providing any lawful proof.

17. On or about 09/15/2022 Mr. Trapp received another response from Starmark Financial LLC defaulting, stating the same generic false statements of hearsay assuming that the alleged debt is valid without providing any lawful proof.

18. The alleged debt the Defendants purport, is not valid and does not belong to Mr. Trapp.

19. On or about 10/17/2022 Mr. Trapp served the Defendants another notice to cease.

20. On or about 10/26/2022 Mr. Trapp received another response from Starmark Financial LLC defaulting, stating the same generic false statements of hearsay assuming that the alleged debt is valid without providing any lawful proof.

21. The alleged debt Defendants claim Mr. Trapp owes is false, deceptive, unfair, and misleading because Defendant never provided Mr. Trapp lawful proof or any sworn statements.

22. Mr. Trapp suffers actual damage as a result of these illegal collection communications by these Defendants in the form of mental anguish, loss of time for his daily activities, sleeplessness, depression, anger, decreased ability to focus on daily tasks, frustration, amongst other negative emotions, as well as suffering from unjustified abusive invasions of personal privacy.

### V.     FIRST CLAIM FOR RELIEF
### (Defendants)
### 15 U.S.C § 1692b (2)

23. Mr. Trapp re-alleges and reincorporates all previous paragraphs as if fully set out herein.

24. The Debt Collector violated the FDCPA.

25. The Debt Collector's violations include, but are not limited to the following:

> The Debt Collector violated 15 U.S.C § 1692b (2) of the FDCPA by stating Mr. Trapp owes an alleged debt without any proof.



Complaint

3

     **VI.**    **SECOND CLAIM FOR RELIEF**
             **(Defendants)**
            **15 U.S.C § 1692b (5)**

26. Mr. Trapp re-alleges and reincorporates all previous paragraphs as if fully set out herein.

27. The Debt Collector violated the FDCPA.

28. The Debt Collector's violations include, but are not limited to the following:

The Debt Collector violated 15 U.S.C § 1692b (5) of the FDCPA by using a symbol in the contents of the communication to Mr. Trapp affected by the mail.

     **VII.**    **THIRD CLAIM FOR RELIEF**
             **(Defendants)**
            **15 U.S.C § 1692c (a) (1)**

29. Mr. Trapp re-alleges and reincorporates all previous paragraphs as if fully set out herein.

30. The Debt Collector violated the FDCPA.

31. The Debt Collector's violations include, but are not limited to the following:

The Debt Collector violated 15 U.S.C § 1692c (a) (1) of the FDCPA by intentionally communicating in connection with the collection of a debt from Mr. Trapp at an unusual place which should be known to be inconvenient to Mr. Trapp.

     **VIII.**   **FOURTH CLAIM FOR RELIEF**
             **(Defendants)**
            **15 U.S.C § 1692d (2)**

32. Mr. Trapp re-alleges and reincorporates all previous paragraphs as if fully set out herein.

33. The Debt Collector violated the FDCPA.

34. The Debt Collector's violations include, but are not limited to the following:
The Debt Collector violated 15 U.S.C § 1692d (2) of the FDCPA by engaging in the conduct to abuse Mr. Trapp using obscene language in their attempt of collecting an alleged debt.

     **IX.**   **FIFTH CLAIM FOR RELIEF**
             **(Defendants)**
           **15 U.S.C § 1692e (2) (A)**


*Complaint* (handwritten annotation)

35. Mr. Trapp re-alleges and reincorporates all previous paragraphs as if fully set out herein.

36. The Debt Collector violated the FDCPA.

37. The Debt Collector's violations include, but are not limited to the following:

> The Debt Collector violated 15 U.S.C. § 1692e (2) (A) of the FDCPA by using false, deceptive, and misleading representation in connection with the collection of attempting to collect an alleged debt that reflects a positive balance.

### X.    SIXTH CLAIM FOR RELIEF
### (Defendants)
### 15 U.S.C § 1692f (1)

38. Mr. Trapp re-alleges and reincorporates all previous paragraphs as if fully set out herein.

39. The Debt Collector violated the FDCPA.

40. The Debt Collector's violations include, but are not limited to the following:

> The Debt Collector violated 15 U.S.C § 1692f (1) of the FDCPA for using unfair means by attempting to collect an alleged debt without the expressed authorization of an agreement creating the debt or permitted by law.

### XI.    SEVENTH CLAIM FOR RELIEF
### (Defendants)
### 15 U.S.C § 1692g (a) (3), (4), and (5)

41. Mr. Trapp re-alleges and reincorporates all previous paragraphs as if fully set out herein.

42. The Debt Collector violated the FDCPA.

43. The Debt Collector's violations include, but are not limited to the following:

> The Debt Collector violated 15 U.S.C § 1692g (a) (3), (4), and (5) of the FDCPA by failing to provide Mr. Trapp his right to dispute the alleged debt.

### XII.    EIGHTH CLAIM FOR RELIEF
### (Defendants)
### 15 U.S.C § 1692j (a)

44. Mr. Trapp re-alleges and reincorporates all previous paragraphs as if fully set out herein.

45. The Debt Collector violated the FDCPA.

46. The Debt Collector's violations include, but are not limited to the following:





The Debt Collector violated 15 U.S.C § 1692j (a) of the FDCPA for designing an unlawful form knowing that such form would be used to create a false belief in Mr. Trapp that a person other than the creditor is participating in attempting to collect a debt that Mr. Trapp allegedly owes such creditor when in fact such person is not so participating.

### XIII. NINTH CLAIM FOR RELIEF
### (Defendants)
### INVASION OF PRIVACY

47. Mr. Trapp re-alleges and reincorporates all previous paragraphs as if fully set out herein.

48. Plaintiff is entitled to recover damages under the Michigan common law claim of invasion of privacy. Defendants made numerous email attempts to collect to Mr. Trapp directly after it was aware that the alleged debt was not valid and was informed to cease represented an invasion of his privacy as it was an intrusion upon his seclusion.

49. Such inclusion was intentional (or was with reckless disregard), was without Plaintiff's consent, and would be considered highly offensive to a reasonable person.

50. Plaintiff is entitled to recover damages in an amount exceeding $10,000.00 for his common law invasion of privacy claim.

### XIV. TENTH CLAIM FOR RELIEF
### (Defendants)
### Michigan Collection Practices Act MCL 445.252

51. Mr. Trapp re-alleges and reincorporates all previous paragraphs as if fully set out herein.

52. The Debt Collector violated the FDCPA.

53. The Debt Collector's violations include, but are not limited to the following:

    The Debt Collector violated MCL 445.252 (e) by making an inaccurate, misleading, untrue, and deceptive statement in the communication to collect a debt.

54. As a result of the above violations of the FDCPA, Invasion of Privacy, and Michigan Consumer Protection Act the Defendants are liable to Mr. Trapp Actual damages, statutory damages, punitive damages, and cost.

### XV. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mr. Trapp respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against each Debt Collector for:



6

A. Judgment for the violations occurred for violating the FDCPA, Invasion of Privacy, and Michigan Consumer Protection Act for both Defendants;

B. Actual damages under 15 U.S.C § 1692k (a) (1) and (2) (A) and MCL 445.256 (1) and (2) from both Defendants;

C. Statutory damages under 15 U.S.C § 1692k (a) (2) (A), and MCL 445.256 (1) and (2) from both Defendants;

D. Punitive damages under 15 U.S.C § 1692k (a) (1) from both Defendants;

E. Cost under 15 U.S.C § 1692k (a) (3) from both Defendants.

F. For such other and further relief as the Court may deem just proper from both Defendants.

## XVI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: July 7, 2023.

Signature of Plaintiff

Printed Name of Plaintiff **Branden Trapp**

10870 Marne St.
Detroit, MI 48224
Branden.trapp@gmail.com
586-353-8258

Case No. TBD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

BETWEEN:

Branden Trapp

Plaintiff

-and-

Starmark Financial LLC, and InDebted USA Inc.

Defendant(s)

## **AFFIDAVIT of TRUTH and FACTS**

I, Branden Trapp, of Wayne County, Detroit, Michigan, make an oath and say that:

1. As a natural living man, I am providing this sworn statement for your consideration, and I would like for Defendant to please consider these facts to be truthful and valid.

2. My first and last name is and ONLY is Branden Trapp.

3. My street number and street name is and ONLY is 12235 Wilshire Drive.

4. Plaintiff never did business with Defendant(s) nor gave Defendant authorization to communicate with him regarding an alleged debt.

5. Plaintiff and Defendant have no legal agreement or contract (binding nor a meeting of the minds).

6. Defendant assumed the alleged debt was valid.

7. Plaintiff is without knowledge of the alleged debt Defendant(s) claimed owed.

8. On or around 07/02/2022 Plaintiff received a collection notice invading his privacy from Defendant(s), by communication of email, without having prior direct consent from Plaintiff. Plaintiff called Defendant, Starmark Financial LLC, and the agent was not informed of the law, therefore she didn't understand and then disconnected the call out of frustration. Defendant failed to provide proper disclosures that allow Plaintiff the right to dispute the alleged debt.

9. On or around 07/02/2022 in response to the Defendant(s) email notice, and the agent couldn't help over the phone, Plaintiff served upon the Defendant(s) a Cease-and-Desist Notice, by the Consumer Financial Protection Bureau "CFPB" complaint informing the Defendant(s) I refused to pay the alleged debt; send the Plaintiff the name and address of the original creditor; and informing the Defendant(s) that the alleged debt was a violation of the Fair Debt Collection Practice Act.

10. On or around 07/14/2022, Plaintiff received a response from Defendant(s) that contained a "copy" of an itemized statement from another organization, that contained his personal and private information. The proffered documents fail to prove the existence of the alleged debt owed to Defendant(s).

11. On or around 08/03/2022, in response to Defendant's response, Plaintiff served upon Defendant(s) a cease-and-desist notice and a notice responding to the defendant(s) CFPB response, by Certified mail informing Defendant(s) that the response received was a default.

12. On 08/24/2022, Plaintiff served a CFPB complaint to the defendant(s) informing Defendant(s) that their conduct is willful and causing Plaintiff damage for violating the FDCPA.

13. On or around 09/01/2022, Plaintiff served another complaint to the CFPB with updated information, informing the CFPB and Defendant(s) that the certified mail letters were returned due to being unable to forward mail to the address listed in the email notice.

14. On or around 09/02/2022, Defendant(s) respond to Plaintiff defaulting and making false statements of hearsay assuming that the alleged debt was valid.

15. On or around 09/15/2022, Plaintiff received another response from Defendant defaulting, stating the same generic false statements of hearsay assuming that the alleged debt was valid.

16. The alleged debt that Defendant claim is valid does not belong to Plaintiff.

17. On or around 10/17/2022, Plaintiff served Defendant(s) another cease-and-desist notice.

18. On or around 10/26/2022, Defendant(s) responded by sending the same generic default notice stating false statements of hearsay assuming that the alleged debt was valid.

19. The alleged debt that Defendant(s) claiming the plaintiff owes is false and has not been validated, Plaintiff never did business with "Credit ninja."

20. Plaintiff suffers mental anguish anxiety and depression because of Defendant's actions, for which he is under treatment.

## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

21. Congress makes it clear, under 15 U.S.C 1692 (a), "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors; abusive debt collection practices contribute to the invasion of individual privacy."

22. The defendant(s), at all relevant times, is in the ordinary course of business, and regularly collects debts on behalf of other entities.

23. The defendant(s) are "debt collectors", under 15 U.S.C 1692a (6).

24. The Plaintiff is a "consumer", under 15 U.S.C 1692a (3).

25. The defendant(s) violates 15 U.S.C 1692b (2) for stating that Plaintiff owes an alleged debt that was never validated.

26. The defendant(s) violates 15 U.S.C 1692b (5) for using language and a symbol in the contents of the communication to the Plaintiff affected by the mail.

27. The defendant(s) violates 15 U.S.C.1692c (a) for communicating with Plaintiff regarding an alleged debt, without prior consent given directly from Plaintiff or express permission from a court of competent jurisdiction.

28. The defendant(s) violates 15 U.S.C 1692d (2) for engaging in the conduct to abuse Plaintiff by using obscene language in their attempt of collecting an alleged debt.

29. The defendant(s) violates 15 U.S.C 1692e (2) (A) for using false, deceptive, and misleading representation in connection with the collection of attempting to collect an alleged debt that reflects a positive balance.

30. The defendant(s) violates 15 U.S.C 1692f (1) for using unfair means by attempting to collect an alleged debt without the expressed authorization of an agreement creating the debt or permitted by law.

31. The defendant(s) violates 15 U.S.C 1692g **(a)** by failing to send Plaintiff a notice that gives him the right to dispute the alleged debt.

32. The defendant(s) violates 15 U.S.C. 1692j for designing an unlawful form knowing that such form would be used to create a false belief in the Plaintiff, that a person other than the creditor is participating in attempting to collect a debt that Plaintiff allegedly owes such creditor, when in fact the Plaintiff is no so participating.

33. The defendant(s) violates 15 U.S.C 1692k. for failure to comply with the provisions of the FDCPA and that failure caused Plaintiff actual damage of mental anguish.

34. Defendant(s) conduct has more to do with their deceptive and illegal activities in their attempt to collect the alleged debt, as opposed to determining the legitimacy of their alleged debt. The FDCPA relates to the Defendant(s) even if they were collecting a legitimate debt. The defendant(s) is not a creditor, and neither did the defendant(s) provide any credit to Plaintiff. Notwithstanding Defendant(s) are "debt collectors" under 15 U.S.C 1692a (6). Plaintiff alleged the FDCPA states in part:

    > "The term "debt collector" means **ANY** person who uses any instrumentality of interstate commerce **OR** the mails in any business the principal purpose of which is the collection of any debts, **OR** who regularly collects **OR** attempts to collect, **DIRECTLY OR INDIRECTLY,** debts owed or due or asserted to be owed or due another."

35. Plaintiff has suffered damages because of the violations of the FDCPA.

36. These violations of the FDCPA were willful.

### VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

37. The defendant(s) is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC") MCL 339.901 (b).

38. The Plaintiff is a "debtor" as that term is defined at MCL 339.901 (f).

39. The Defendants foregoing act in attempting to collect an alleged debt violated the following provision of the MOC:

    a. MCL 339.915 (q) for failure to implement a procedure designed to prevent a violation by an employee.

40. Plaintiff has suffered damages because of the violation of the MOC.

41. The violations of the MOC were willful.

## VIOLATIONS OF THE MICHIGAN COLLECTION PRACTICES ACT

42. The Defendant(s) is a "regulated person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL 445.251 (g).

43. Plaintiff is a "consumer" as that term is defined in MCL 445.251 (d).

44. The Defendants foregoing act in attempting to collect an alleged debt violated the following provisions of the MCPA:

    a. MCL 445.252 (e) for making an inaccurate, misleading, untrue, and deceptive statement in the communication to collect a debt.

    b. MCL 445.252 (q) for failure to implement a procedure designed to prevent a violation by an employee.

45. Plaintiff has suffered damages because of these violations of the MCPA.

46. These violations of the MCPA were willful.

47. The CFPB has authenticated sworn testimony from my end for proof in court as evidence of my trying to rectify the subterfuge the Defendant(s) attempted to collect.

48. Plaintiff has not received confirmation nor certified testimony that the defendant(s) complied with the FDCPA, MOC, and/or MCPA and all its mandated rules when it comes to debt collection. Therefore, Defendant(s) is to present Plaintiff a certificate in testimony that the alleged debt presented in the attachment labeled "Exhibit A" is compliant and not subterfuge.

**THIS AFFIDAVIT HAS TO BE REBUTTED POINT BY POINT WITH AN AFFIDAVIT OR SWORN STATEMENT UNDER THE PENALTY OF PERJURY, ANY PARTIAL RESPONSE IS NOT ACCEPTED AND IS TAKEN AS A NON-RESPONSE.**

**NOTE:** The fifth (5th) maxim of law says, "An unrebutted affidavit stands as truth in commerce.

Thank You,

   I declare (or certify, verify, or state) under the penalty of perjury that the foregoing is true and correct to the best of my ability and knowledge, so be it;

**ACKNOWLEDGMENT:** A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

Executed on:

Date: 1/20/2023

Signature: _[signature]_

On 1/20/23, before me, **Branden Trapp** personally appeared, and they proved to me based on satisfactory evidence to be the person whose name is/are subscribed to the within the instrument and acknowledged to me that he executed the same in his authorized capacity and that by his signature on the instrument the person upon behalf of which the person acted, executed the instrument. I certify under PENALTY OF PERJURY the authenticity of the document and signature and that the foregoing paragraph is true and correct.

Notary Name: Wayne Watson, II

Notary Signature: Wayne Watson

Notary Seal:

  WAYNE WATSON II
 NOTARY PUBLIC - STATE OF MICHIGAN
   COUNTY OF WAYNE
 My Commission Expires MAY 14, 2027
 Acting in the County of Wayne

Affidavit

page 6 of 6

# EXHIBIT A

Attach is exhibit Labeled Exhibit A, which is a copy of the defendant(s) attempt to collect, without giving the plaintiff the right to dispute.

 Gmail

Branden Trapp <branden.trapp@gmail.com>

## BRANDEN, simple Starmark Financial balance resolution
1 message

**Brooke Davis** <customersupport-us+fl@indebted.co>  Sat, Jul 2, 2022 at 9:23 AM
Reply-To: Brooke Davis <customersupport-us+fl@indebted.co>
To: BRANDEN TRAPP <branden.trapp@gmail.com>



### Quick And Easy Payment

Hi BRANDEN, collection agency InDebted's online payment platform can help you resolve your past due Starmark Financial balance quickly and securely. Our flexible payment options empower you to select which journey is your best fit and helps you resolve with confidence.

Please note this is regarding your Credit Ninja account.

### Online Payment Options

| | |
|---:|:---|
| **Balance:** | USD 751.41 |
| Pay To: | Starmark Financial |
| Secure Code: | Z3LQ-QXGQ |

Please visit Starmark Financial's website if you prefer to make a direct payment to them.

© 2022 InDebted USA Inc.
P.O. Box 1210 O'Fallon, MO 63366

FAQ

Click here to opt out of further emails for this account

*Exhibit A*

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Exhibit A

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

County in which action arose: _____

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Branden Trapp

**DEFENDANTS**
Starmark Financial LLC,
InDebted USA, Inc.

**(b)** County of Residence of First Listed Plaintiff: Wayne
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Broward & St. Charles
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
10870 Marne St
Detroit, MI 48224

Case: 2:23-cv-11619
Judge: Steeh, George Caram
MJ: Stafford, Elizabeth A.
Filed: 07-07-2023 At 01:18 PM
CMP TRAPP V STARMARK FINANCIAL LLC,
ET AL (LG)

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES**

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation / ☒ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☒ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education / ☐ 550 Civil Rights / ☐ 555 Prison Condition / ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 USC 1692 et seq.
Brief description of cause:
Violation of FDCPA, MCPA, Invasion of Privacy

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE 7/4/23
SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1.     Is this a case that has been previously dismissed?    ☐ Yes  ☑ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2.     Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)    ☐ Yes  ☑ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

Notes :